# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
M.J. Hughes Construction, Inc. ) ASBCA No. 61782
)
Under Contract No. W9128F-14-C-0072 )

APPEARANCES FOR THE APPELLANT: Philip E. Beck, Esq.
Jonathan R. Mayo, Esq.
Parker A. Lewton, Esq.
  Smith Currie & Hancock LLP
  Atlanta, GA

APPEARANCES FOR THE GOVERNMENT: Michael P. Goodman, Esq.
  Engineer Chief Trial Attorney
Stacy K. Birkel, Esq.
  Engineer Trial Attorney
  U.S. Army Engineer District, Omaha

## OPINION BY ADMINISTRATIVE JUDGE CLARKE ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

On September 12, 2018, the government filed a motion to dismiss for lack of jurisdiction contending that M.J. Hughes Construction's (MJH) claim failed to state a sum certain. We have jurisdiction to decide the motion pursuant to the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101-7109. We deny the motion.

## STATEMENT OF FACTS FOR THE PURPOSES OF THE MOTION

1. On January 30, 2018, MJH submitted a certified claim related to U.S. Army Corps of Engineers (COE) Contract W9128F-14-C-0072 for spillway channel wall replacement and slab repairs at the Fort Peck Dam, Montana (R4, tab 4). MJH demanded $2,000,887.00 and an additional 345 days schedule extension (*id.* at 1). MJH explained:

> As noted below, this Claim is presented in three parts. For any portion of time or cost that overlaps between Claim Parts 1 and 2, MJH is not seeking to recover the same damages or time extensions more than once. When entitlement has been determined for all Claim parts, MJH will revise its calculations to ensure there is no "double-dipping" across the awarded recovery. This also applies to the calculation of MJH's Home Office Overhead

(HOOH) rate, and Additional Rental Costs, across Claim Parts 1 and 2. Once entitlement is determined, MJH will revise the rate accordingly to ensure no recovery is duplicated.

(*Id.* at 1) MJH acknowledged that the COE had already paid $7,329.81 and granted 194 days extension that would be credited against any time and cost award it might receive (*id.* at 2).

2. MJH's claim was presented in three parts: Part 1 – Delay Impacts; Part 2 – Additional Perimeter Demolition and Cold Weather Impacts; and Part 3 – Liquidated Damages and Fees for REA Preparation and Negotiation Counsel (R4, tab 4 at 3). The claim included a table summarizing the claims for the three parts:

| Cost Summary Table | | |
|---|---|---|
| Description | Cost | Days |
| Claim Part 1 – Delay Impacts | $1,446,442.83 | 345 days |
| Claim Part 2 – Additional Perimeter Demolition & Cold Weather Impacts | $462,810.67 | 55 days (concurrent delay) |
| Claim Part 3 – Legal Fees and Liquidated Damages | $91,633.50 | |
| TOTAL | $2,000,887.00 | 345 days |

(R4, tab 4 at 3) The claim included a more detailed summary of costs for each of the three parts (R4, tab 5 at 33, tab 7 at 8, tab 9 at 1).

3. As alluded to above, MJH noted that overlap in Parts 1 and 2 of the claim could require recalculation of the damages (R4, tab 4 at 1). More specifically, Part 2 of the claim specified that two particular components of its costs would need to be recalculated if the government provided relief in Part 1 of the claim (R4, tab 7 at 240-41). These portions were costs for rental of equipment and home office overhead, for which MJH provided monthly and daily costs respectively (*id.*). These were the only cost components of Part 2 of the claim that were dependent upon what the contracting officer (CO) decided in Part 1 of the claim, and no portion of Part 3 was dependent upon Parts 1 or 2 (*see* R4, tab 9). Thus, we find that the CO could easily calculate the exact amount requested by MJH for all portions of the claim were he or she so inclined.*

---

* To be sure, nothing prevented MJH from explicitly presenting this calculation with its claim, and it would certainly have made things simpler if it had done so.

DECISION

*Contentions of the Parties*

The COE contends that MJH's three part claim, with the caveat that when entitlement is determined it will adjust the amounts to ensure that there is no double recovery, does not satisfy the requirement for a sum certain. It also contends that the previous award of 194 days and $7,329.81 that were not accounted for in the claim also do not satisfy the requirement for a sum certain. (Gov't mot. at 2-3) The COE characterizes the claim as follows: "To state that the total amount owed is something less than $2,000,887.00, in and of itself, is not a sum certain" (*id.* at 3).

MJH contends that the three parts to the claim each stating a specific sum certain effectively gives the contracting officer adequate notice of the basis and amount of the claim (app. opp'n at 2). Citing *Computer Sciences Corporation*, ASBCA No. 56165, 10-2 BCA ¶ 34,572, MJH contends that overlapping parts of claims does not defeat the sum certain requirement (app. opp'n at 3-4). As for the $7,329.81 and 194 days extension, MJH contends that simple arithmetic (subtraction) allows the contracting officer to calculate the amount awarded, if any.

*Discussion*

Federal Acquisition Regulation (FAR) 2.101, Definitions, provides in pertinent part that "Claim' means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain." We agree with MJH that Computer Sciences is similar and involves overlapping claims that did not deprive the Board of jurisdiction. Each claim sought a specific dollar amount which is the essence of a sum certain. *Computer Sciences*, 10-2 BCA ¶ 34,572 at 170,455. We agree with MJH that because the $7,329.81 and 194 days extension can be accounted for with "simple arithmetic" the sum certain is not affected. *See PHI Applied Physical Sciences, Inc.*, ASBCA Nos. 56581, 58038, 13 BCA ¶ 35,308 at 173,334 ("Although the amount sought was not expressly totaled by appellant, a sum certain total is readily calculable by simple arithmetic"). Similar reasoning applies to the overlapping portions of Parts 1 and 2 of the claim because the CO could derive a sum certain through application of simple arithmetic, the sum certain requirement is met.

We disagree with COE's characterization, "To state that the total amount owed is something less than $2,000,887.00, in and of itself, is not a sum certain" (gov't mot. at 3). Qualifications on the claimed amount can be a problem. In *Ball Aerospace & Technologies Corp.*, ASBCA No. 57558, 11-2 BCA ¶ 34,804 at 171,275, we listed qualifications to a numeral amount that defeat its consideration to be a sum certain such as: "approximately" (*J. P. Donovan Construction, Inc.*, ASBCA No. 55335,

3

10-2 BCA ¶ 34,509 at 170,171, *appeal docketed*, No. 11-1162 (Fed. Cir. 2011); *Van Elk, Ltd.*, ASBCA No. 45311, 93-3 BCA ¶ 25,995 at 129,237); "at least" (*Precision Standard, Inc.*, ASBCA No. 55865, 11-1 BCA ¶ 34,669 at 170,788); "no less than" (*Sandoval Plumbing Repair, Inc.*, ASBCA No. 54640, 05-2 BCA ¶ 33,072 at 163,933); "well over" (*Eaton Contract Services, Inc.*, ASBCA No. 52888 *et al.*, 02-2 BCA ¶ 32,023 at 158,269); and "in excess of" (*id.* at 158,267). We suspect that "something less than" might constitute an unacceptable qualification defeating a sum certain. However, the COE's characterization is wrong. MJH did not present the claim as "something less than" $2,000,887.00. MJH's claim states a specific dollar amount of $2,000,887.00 that may need to be adjusted based on the CO's entitlement decision so as to avoid double recovery. The fact that a sum certain might need to be adjusted in the future does not invalidate the sum certain or jurisdiction. *Computer Sciences Corp.*, ASBCA No. 27275, 83-1 BCA ¶ 16,452 at 81,843 (It is not an improper qualification of the claim for appellant to notify the Government therein of a potential upward adjustment of the claimed amount); *See also Madison Lawrence, Inc.*, ASBCA No. 56551, 09-2 BCA ¶ 34,235 at 169,207; *South Carolina Public Service Authority*, ASBCA No. 53701, 04-2 BCA ¶ 32,651 at 161,600.

Each of the three parts of this claim is stated in a sum certain – Part 1 Delay Impacts $1,446,442.83; Part 2 Additional Perimeter Demolition & Cold Weather Impacts $462,810.67; and Part 3 Legal Fees and Liquidated Damages $91,633.50 and the total of $2,000,887.00 is a sum certain (SOF ¶ 2). The possibility of future adjustment is not disqualifying and the payment of $7,329.81 can simply be subtracted from the amounts awarded if any. Therefore, we have jurisdiction.

## CONCLUSION

Based on the above holdings, we deny the COE's motion to dismiss for lack of jurisdiction.

Dated: January 7, 2019

CRAIG S. CLARKE
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

4

I concur                                    I concur

RICHARD SHACKLEFORD                         J. REID PROUTY
Administrative Judge                        Administrative Judge
Acting Chairman                             Vice Chairman
Armed Services Board                        Armed Services Board
of Contract Appeals                         of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of
the Armed Services Board of Contract Appeals in ASBCA No. 61782, Appeal of
M.J. Hughes Construction, Inc., rendered in conformance with the Board's Charter.

Dated:


                              JEFFREY D. GARDIN
                              Recorder, Armed Services
                              Board of Contract Appeals